# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. CR 09-199-E-BLW |
| ) | |
| v. ) | **MEMORANDUM DECISION** |
| ) | |
| SALVADOR PEREZ-PEREZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On August 25, 2009, the Government filed an Indictment charging Defendant with possession of a firearm by a prohibited person (a felony), and a firearm forfeiture count. (Docket No. 1). The Government later filed a Superseding Information, charging the Defendant with improper entry by an alien, a Class B misdemeanor. (Docket No. 14). The Government also dismissed the forfeiture count because a firearm cannot be forfeited for a misdemeanor improper entry crime. (Docket No. 15).

On February 10, 2010, the Defendant appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Plea Agreement requires the Defendant to plead guilty to the charge contained in the Superseding Information. (Docket No. 12). The parties requested that this Court accept the Plea Agreement and the Defendant's plea to the improper entry charge and proceed directly to sentencing without preparation of a Presentence Investigation Report. (Docket

MEMORANDUM DECISION - 1

No. 17). At the hearing, however, this Court expressed concern about a Magistrate Judge's jurisdiction to accept the plea agreement in this case and proceed directly to sentencing without first submitting a report and recommendation to the District Judge. This concern stemmed from the requirement that the Court assess whether or not the Plea Agreement should be accepted as adequately reflecting the totality of the Defendant's conduct.

It is the District Court's province to determine whether to accept or reject a plea agreement that results in the dismissal of felony charges. In doing so, the District Court must decide whether acceptance of the agreement will undermine the statutory purposes of the Sentencing Guidelines. *See* Order on Report & Recommendation (Docket No. 385, p. 3, *U.S. v. Medina-Villa*, CR 08-240-E-BLW (D. Idaho Oct. 15, 2009).

Here, the parties entered the Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), which provides that a plea agreement may specify the Government will: "(A) not bring, or will move to dismiss, other charges; [and/or] (B) recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate." *See* Plea Agreement, p. 1, § I.A. Rule 11(c)(3) allows the Court to accept an agreement made under subsection A, "*reject it*, or defer a decision until the court has reviewed the presentence report." (Emphasis added). *See also In re Vasquez-Ramirez*, 443 F.3d 692, 695 n.3 (9th Cir. 2006) (citing Fed. R. Crim. P. 11(c)(1)(A) and explaining that "[o]ne type of agreement that the court can reject is a 'charge bargain'").

MEMORANDUM DECISION - 2

The United States Sentencing Guidelines' Policy Statement on Standards for Acceptance of Plea Agreements provides:

> In the case of a plea agreement that includes the dismissal of any charges or an agreement not to pursue potential charges (Rule 11(c)(1)(A)), the court may accept the agreement if the court determines, for reasons stated on the record, that the remaining charges adequately reflect the seriousness of the actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing or the sentencing guidelines.

U.S.S.G. §6B1.2(a).[1]

Although the crime charged in the Superseding Information is a Class B misdemeanor for which the Court need not consider the Sentencing Guidelines,[2] the Indictment charges a felony crime to which the Sentencing Guidelines do apply.  Thus, at the time set for the change of plea hearing, the Indictment was subject to the Guidelines.  On this issue, the commentary to Sentencing Guideline §6B1.2(a) is instructive.  It states:

> If the government's motion to dismiss charges or statement that potential charges will not be pursued is not contingent on the disposition of the remaining charges, the judge should defer to the government's position except under extraordinary

---

[1] *See, e.g., United States v. Smith*, 417 F.3d 483, 487 (5th Cir. 2005) (applying a former version of Rule 11 in a Guidelines case to determine that "the district court did not abuse its discretion in concluding that the plea agreement did not adequately reflect the seriousness of the offense, was unduly lenient, and would not meet the objectives of sentencing given [the defendant's] extensive criminal history, persistent criminal conduct, and large number of victims").

[2] U.S.S.G. §1B1.9 (providing that the sentencing guidelines do not apply to any count of conviction that is a Class B misdemeanor).

MEMORANDUM DECISION - 3

> circumstances. Rule 48(a), Fed. R. Crim. P.[3]  *However, when the dismissal of charges or agreement not to pursue potential charges is contingent on acceptance of a plea agreement, the court's authority to adjudicate guilt and impose sentence is implicated, and the court is to determine whether or not dismissal of charges will undermine the sentencing guidelines.*

(Emphasis added). Although the latter initially appeared to be the case here, upon further review, it appears that the Government is not required by the Plea Agreement to dismiss the Indictment.

When the Court expressed its concern that it may lack jurisdiction to accept the plea and Plea Agreement, it was acting under the belief that the Plea Agreement contained language describing the "bargain" to include dismissal of the prior Indictment.[4] However, in preparing this Memorandum Decision (originally as a report and recommendation), the Court was unable locate the language that led to the belief that the Plea Agreement required the Government to dismiss the Indictment, which indicates that the Court was mistaken in that regard. This is significant because dismissal of a charge as part of a "charge bargain" under Rule 11(c)(1)(A) involves different considerations than

---

[3] The Court's discretion to deny a Rule 48 motion is limited to situation in which "the motion [is] clearly contrary to manifest public interest." *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1008 (9th Cir. 2000)(internal quotation marks and citation omitted).

[4] The Court's belief in this regard may have come about, in part, because the Indictment had not been dismissed and the Plea Agreement cited to Federal Rule of Criminal Procedure 11(c)(1)(A), which provides that the Government may agree to not bring, or move to dismiss, other charges.

MEMORANDUM DECISION - 4

dismissal of a charge under Federal Rule of Criminal Procedure 48(a), which allows the Government to, "with leave of court, dismiss an indictment, information, or complaint."

Accordingly, this Court has jurisdiction to accept or reject the Defendant's plea and the Plea Agreement, without the need for the District Court's involvement,[5] except to the extent the Government may need to submit to the District Court a motion to dismiss the Indictment. To ensure that sentencing may proceed before the Magistrate Judge as scheduled on February 18, 2009, any such motion should be submitted before sentencing in this matter.[6]

Additionally, the Court concludes that there is a factual basis for Defendant's plea of guilty and that it was entered voluntarily and with full knowledge of the consequences. The Court, therefore, accepts the Defendant's plea of guilty to the improper entry charge contained in the Superseding Information (Docket No. 14). The Court will defer a

---

[5] Magistrate Judges have authority to accept a plea of guilty to a Class B misdemeanor charge, even if lacking authority to accept a plea agreement that requires dismissal of felony charges under Federal Rule of Civil Procedure 11(c)(1)(A). *See* Fed. R. Crim. P. 58(b)(3)(A) (providing that a Magistrate Judge make take a defendant's plea in a petty offense case). Pleas and plea agreements are treated distinctly; "Guilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time." *In re Vasquez-Ramirez*, 443 F.3d 692, 695 n.3 (9th Cir. 2006) (quoting *United States v. Hyde*, 520 U.S. 670, 674 (1997)).

[6] 28 U.S.C. § 636(a)(4) confers on Magistrate Judges jurisdiction to enter sentence for a petty offense, such as the Class B misdemeanor charge contained in the Superseding Information. *See* 18 U.S.C. §§ 19 & 3571 (defining the term "petty offense" to include a Class B misdemeanor for which the maximum fine is no greater than, at present, $5,000).

MEMORANDUM DECISION - 5

decision on whether to accept or reject the Plea Agreement until the time set for sentencing.



DATED: **February 12, 2010**.

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

MEMORANDUM DECISION - 6